**MILLER v. UNITED STATES.**

No. 9759.

United States Court of Appeals
District of Columbia Circuit.
Argued June 15, 1948.
Decided Sept. 7, 1948.

[4] 52 App.D.C. 143, 284 F. 923.      [5] 78 U.S.App.D.C. 263, 139 F.2d 388.

968

Mr. Myer Koonin, of Washington, D. C., for appellant.

Mr. Cecil R. Heflin, Asst. U. S. Atty., of Washington, D. C., with whom Mr. George Morris Fay, U. S. Atty., of Washington, D. C., was on the brief, for appellee.

Mr. Sidney S. Sachs, Asst. U. S. Atty., of Washington, D. C., also entered an appearance for appellee.

Before STEPHENS, Chief Judge, and WILBUR K. MILLER and PRETTYMAN, Circuit Judges.

PER CURIAM.

The appellant, Harold D. Miller, was convicted by a jury in the District Court of the United States for the District of Columbia of committing a criminal abortion in violation of Title 22, § 201, of the District of Columbia Code 1940. He appeals.

■ The appellant claims there was no evidence that the crime was committed in the District of Columbia; he asserts, on the other hand, "The testimony of the complaining witnesses clearly shows that the decedent had been in Baltimore, Maryland, where she had an abortion performed upon her." Neither statement is borne out by the rec-

ord. There was ample evidence to authorize the jury to conclude that the crime was committed in the District of Columbia; and there was no real evidence that it was committed in Baltimore. In a statement made to the police, which was admitted in evidence, the appellant said the victim told him she had been aborted in Baltimore; but he did not so testify. Aside from that, nothing indicated that Baltimore was the scene of the operation except the hearsay evidence of two witnesses that appellant and his personal physician had said they were so informed by the girl. But, like the appellant, the physician himself did not testify to that effect.

■ The appellant charges reversible error in the court's refusal to instruct the jury that it might disregard all or any portion of the testimony of a police sergeant who took statements from two women who later became witnesses for the prosecution. They first told the sergeant they knew nothing about the case and gave unsworn statements to that effect. Later each gave a second statement in which the full story was told, after which the sergeant destroyed the first statements in the belief that they had become valueless. At the trial, both women testified at length. The officer's act in destroying the first statements is the basis for the appellant's requested instruction. There was no error.

■ Finally, the appellant asserts his motion for a new trial should have been granted because the court did not instruct the jury to give careful scrutiny to the testimony of the two women who, he said, "had admitted swearing falsely." Those witnesses did not admit having falsified as to any issue, even in their unsworn first statements; they said they first refrained from giving information because they did not want to become publicly involved in a scandalous situation. Later they realized their mistake and testified fully. The court did not err in denying the motion for a new trial.

Affirmed.